IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JUAN RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, MONTANA DEPARTMENT OF HEALTH AND HUMAN SERVICES, JOHN DOE and JANE DOE (DPHHS EMPLOYEES),<br><br>Defendants. | CV 17-00104-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Plaintiff Juan Rodriguez's Complaint (Doc. 2) seeking to invalidate the Montana Supreme Court's affirmation of the termination of his parental rights and the adoption of his children. This matter should be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Mr. Rodriguez is a prisoner proceeding without counsel. In his Complaint he named the State of Montana, the Montana Department of Health and Human Services (DPHHS) and John and Jane Doe employees of the DPHHS as Defendants. (Doc. 2.) In his Amendment to Add Defendants, Mr. Rodriguez adds the following Defendants: the City of Great Falls, Montana; Cascade County of

1

the State of Montana; Ex-DPHHS Employee Amanda Hope; Amanda Scott, DPHHS; Assistant Attorney Theresa Dickhans; Judge Thomas McKittrick; Judge Greg Pinski; Heather Smith of DPHHS; Assistant Attorney Valerie Winfield; Attorney Allen Lanning; Chippewa Cree Tribe of the Rocky Boy Reservation at Box Elder, Montana; Assistant Attorney Jennifer Quick; Deputy County Attorney Josh Racki; Sahrita Jones, DPHHS, and the Great Falls Office of Public Defenders.  (Doc. 10.)

### B. Statement of Claims

In his Complaint, Mr. Rodriguez details the dependency of his two children (ages 2 and 4) beginning in September 2009.  Ultimately, Mr. Rodriguez's parental rights were terminated on July 13, 2015 by State District Court Judge Pinski.

Mr. Rodriguez appealed the termination of his parental rights to the Montana Supreme Court.  On September 20, 2016, the district court's order terminating his parental rights was affirmed.  (Doc. 2.)  The Montana Supreme Court found that the state district court's decision to terminate Mr. Rodriguez's parental rights was supported by evidence beyond a reasonable doubt that his custody of his children would likely result in serious emotional or physical damage to the children.  *In the matter of B.R. and J.R.*, 2016 MT 234N (September

20, 2016).[1] According to the Montana Supreme Court's docket, Mr. Rodriguez filed a petition for writ of certiorari with the United States Supreme Court on March 10, 2017 and that petition was denied on May 22, 2017.

In this Court, Mr. Rodriguez seeks an Order invalidating the placement of his children in the permanent custody of the Montana DPHHS due to its failure to abide by the Indian Child Welfare Act ("ICWA"), 25 U.S.C. §§ 1901–63 and the untimely adoption of his children to non-Indians before the appeal of the termination of his parental rights was decided. (Complaint, Doc. 2.)

## II. SCREENING

### A. Standard

Mr. Rodriguez is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

---

[1] A court may take judicial notice " 'of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.' " *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (*quoting United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Because the Montana Supreme Court's records have a "direct relation" to Mr. Rodriguez's claims, it is proper for this Court to take judicial notice of them.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

4

## B. Analysis

Mr. Rodriguez is seeking to appeal state court orders involving the custody of his children. Most of his claims are barred by the *Rooker–Feldman* doctrine. This doctrine derives its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In simple terms, "[u]nder *Rooker–Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003). That is, "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (*quoting Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The Rooker-Feldman doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented.

"The *Rooker–Feldman* doctrine, however, will give way where Congress otherwise grants federal courts the authority to review state court judgments." *Doe v. Mann*, 415 F.3d 1038, 1047 (9th Cir. 2005). The Indian Child Welfare Act "establishes federal standards that govern state-court child custody proceedings

5

involving Indian children." *Adoptive Couple v. Baby Girl*, 133 S. Ct. 2552, 2557 (2013). Section 1914 of the ICWA "provides the federal courts authority to invalidate a state court foster care placement or termination of parental rights if it is in violation of §§ 1911, 1912, or 1913." *Doe*, 415 F.3d at 1047. Specifically, ICWA provides:

> Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.

25 U.S.C. § 1914. Mr. Rodriguez alleges that the mother of his children is a member of the Chippewa Cree Tribe of the Rocky Boy Reservation at Box Elder, Montana. (Doc. 2 at 10.) Accordingly, it is assumed for purposes of these findings that Mr. Rodriguez's children are "Indian Children" for purposes of the ICWA and that any claims covered by 25 U.S.C. § 1914 are not barred by the *Rooker Feldman* doctrine. *Doe*, 415 F.3d at 1040 (the parent of an Indian child may sue in federal court to challenge a state court's termination of his parental rights, notwithstanding the *Rooker-Feldman* doctrine); *Mozes v. Mozes*, 239 F.3d 1067, 1085 n.55 (9th Cir. 2001) ("[b]ecause the doctrine is one of congressional intent, not constitutional mandate, it follows that where Congress has specifically

6

granted jurisdiction to the federal courts, the doctrine does not apply").

Mr. Rodriguez challenges the state court's orders on four grounds but only one ground raises issues covered by 25 U.S.C. § 1914.

### 1. Claims barred by the *Rooker-Feldman* Doctrine

#### a. Family Participation

Mr. Rodriguez first alleges the State failed to solicit or request the participation of his family as a placement resource pending the hearing to terminate his parental rights. He alleges this was a violation of ICWA which provides that preference for the adoptive placement of Indian children should be given to members of the child's extended family, members of the child's tribe, or other Indian families. 25 U.S.C. § 1915(a). He alleges no such preference was given by the State of Montana and the DPHHS and district court judge skirted adherence to the ICWA by not considering his sister as a placement option for his children. He alleges the district court placed his children in the permanent custody of the Montana DPHHS without holding a hearing to place the children with extended family. (Doc. 2 at 16.) He alleges that this failure of the state district court and the Montana Supreme Court requires the Court to examine the termination of Mr. Rodriguez's parental rights and the failure to place his children with their aunt.

7

The Court does not have jurisdiction to invalidate the State court action based upon a violation of 25 U.S.C. § 1915 under the *Rooker-Feldman* doctrine. Mr. Rodriguez argues that 25 U.S.C. § 1914 provides an exception to the *Rooker-Feldman* doctrine but that section only provides for review under sections 1911, 1912, and 1913.  It does not provide for review under section 1915.  Accordingly Mr. Rodriguez's claims brought pursuant to 25 U.S.C. § 1915 are barred by the *Rooker-Feldman* doctrine and should be dismissed.

### b.  Witness Testimony

Mr. Rodriguez alleges that the one of the witnesses against him testified that he had made death threats but later had no recollection of those threats.  (Doc. 2 at 15.) According to Mr. Rodriguez's appellate brief filed in the Montana Supreme Court, a case worker named Amanda Hope testified that Mr. Rodriguez threatened to kill her.  In his criminal proceeding, however, the prosecutor filed an affidavit indicating that if Ms. Hope was called as witness she would indicate she had no recollection of the incident.  *In the matter of B.R. and J.R., Youths in Need*, DA 15-0512, Appellant Brief at 17.  Judge Pinski sua sponte raised concerns about the discrepancy between Ms. Hope's testimony and the State's representation in Mr. Rodriguez's criminal case.  The hearing was then held in abeyance until Judge Pinski's concern regarding the ethical conduct was resolved.  Judge Pinski

dismissed his concerns of unethical conduct stating:

> The Court notes the County Attorney's Office has corrected its non-malicious, unintentional error to Judge Neill in Cause No. CDC-09-420. Further, the testimony by Ms. Hope was not proffered by the State at the December 2014 hearing. Therefore, no sanctions will be imposed.

*Id.* at 19. On June 25, 2015, the termination hearing resumed and as set forth above Mr. Rodriguez's parental rights were terminated.

Mr. Rodriguez does not allege that Sections 1911, 1912 or 1913 were violated by this alleged testimony. As such, the Court does not have jurisdiction to consider these allegations. Regardless, in light of the district court's detailed investigation of the alleged discrepancy in testimony, the Court finds that this is an insufficient basis upon which to invalidate the termination of his parental rights.

### c. Adoption

Mr. Rodriguez complains that his children were adopted by their foster parents before the appeal to the Montana Supreme Court regarding the termination of his parental rights was finalized. Again, he fails to state how this adoption was done in violation of Sections 1911, 1912, or 1913 of the ICWA. Therefore, there is no jurisdictional basis to review these claims.

Mr. Rodriguez's children were initially removed from the home of their mother in 2009 and therefore have been out of their birth parents custody for

9

almost nine years. The children are now approximately 11 and 13 years of age and were apparently adopted two years ago. According to the Montana Department of Corrections website Mr. Rodriguez was sentenced to the prison for sexual intercourse without consent on March 30, 2018. He was sentenced to 75 years part of which was suspended.

Under these circumstances, the Court finds no basis to invalidate the judgement of the Montana District Court terminating Mr. Rodriguez's parental rights and allowing the adoption of his children.

### 2. Claim under 25 U.S.C. § 1912

Mr. Rodriguez claims that his attorney was allowed to remove himself from the case on the day the petition to terminate his parental rights was filed and left him without notice and without counsel as contemplated by the ICWA and the Fourteenth Amendment to the United States Constitution. (Doc. 2 at 15.) Liberally construed, this could conceivably be a challenge under 25 U.S.C. § 1912(b) which provides:

> In any case in which the court determines indigency, the parent or Indian custodian shall have the right to court-appointed counsel in any removal, placement, or termination proceeding.

25 U.S.C. § 1912(b).

However, Mr. Rodriguez does not sufficiently allege that he was denied

counsel in violation of section 1912(b).  He alleges that on June 14, 2014 his counsel Pat Paul filed a motion to withdraw as counsel.  That motion was granted on June 5, 2014 the same day the State filed a petition to terminate Mr. Rodriguez's parental rights.  Mr. Rodriguez was not served with the petition to terminate his parental rights until July 14, 2014 and the hearing on the petition was set for July 28, 2014.  (Doc. 2 at 11.)  He alleges that the notice requirements of 25 U.S.C. § 1912(a) were not included in the notice.  At the hearing on July 28, 2014, Mr. Rodriguez moved to continue the hearing in an effort to obtain private counsel.  The Court denied the motion and on September 30, 2014, terminated Mr. Rodriguez's parental rights.  (Doc. 2 at 11.)

According to the Montana Supreme Court, counsel for Mr. Rodriguez filed a motion for new trial on October 28, 2014 because Mr. Rodriguez was not afforded additional time required by ICWA to prepare for the termination hearing.  *In the matter of B.R. and J.R., Youths in Need*, DA 15-0512, 2016 MT 234N (Mt. S.Ct. September 20, 2016).  The state court granted the motion on November 17, 2014.  A new hearing was held and on July 13, 2015, the state court again terminated Mr. Rodriguez's parental rights.  Mr. Rodriguez's attorney appealed the order to the Montana Supreme Court which affirmed the district court on September 20, 2016.  (Doc. 2 at 13.)

11

Accordingly, based on Mr. Rodriguez's own pleadings he had counsel at the final termination hearing. Even if the state court initially terminated Mr. Rodriguez's parental rights without counsel, Mr. Rodriguez had counsel at the final termination hearing before the July 13, 2015 termination of parental rights and he had counsel on appeal of the termination of his parental rights. Mr. Rodriguez cannot show that the termination of his parental rights violated 25 U.S.C. § 1912.

Based on the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Rodriguez may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of May, 2018.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Rodriguez is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.