# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| JUAN RODRIGUEZ,<br><br>     Plaintiff,<br><br>v.<br><br>STATE OF MONTANA, et al.,<br>     Defendants. | **Case No. CV-17-104-H-BMM**<br><br>**ORDER** |

## INTRODUCTION

Juan Rodriguez ("Rodriguez") was incarcerated in 2015. The Montana Eighth Judicial District Court, Cascade County, terminated Juan Rodriguez's parental rights on July 13, 2015. (Doc. 152-7 at 31-32.) The Montana Supreme Court affirmed the termination on September 20, 2016. (*Id*. at 33.) Rodriguez filed a petition for writ of certiorari with the U.S. Supreme Court on March 10, 2017, which was denied on May 15, 2017.

Rodriguez filed the current lawsuit seeking to invalidate the termination of his parental rights. Rodriguez's initial complaint and subsequent amended complaint included claims of violation of due process, equal protection, among other claims. (Docs. 2 and 10.) Alleged violations of the Indian Child Welfare Act ("ICWA") represent the only surviving claims. Rodriguez's children are now in their late teens.

J.R. is 18 and B.R. will turn 18 in 2025. Rodriguez remains incarcerated at Montana State Prison and is proceeding pro se.

## FACTUAL BACKGROUND

Rodriguez's only remaining claims are under the ICWA. The Court adopted U.S. Magistrate Judge Johnston's Findings and Recommendations (Doc. 89) dismissing all claims except those arising under the ICWA. (Doc. 95.) Rodriguez filed an amended complaint (Doc. 42) after a remand by the Ninth Circuit ordering the Court to allow Rodriguez to amend. (Doc. 32.) Rodriguez filed a motion for leave to file a second amended complaint (Doc. 196) and filed a second amended complaint. (Doc. 197.) The Court has yet to rule on Rodriguez's motions.

## DISCUSSION

Rodriguez has filed several motions that remain pending before the Court. (See Docs. 166, 167, 178, 172, ,175, 176, 177, 194, 196, 197.) The Court first will address those motions that are being denied as moot. The Court then will address the merits of the remaining motions in more detail.

The Court will deny as moot Rodriguez's motions to clarify. (Docs. 167 and 171) Rodriguez has met with opposing counsel. Rodriguez and Defendants have each submitted a set of stipulated facts for the Courts review.

The Court will deny as moot Rodriguez's motion to vacate the preliminary pretrial conference. (Doc. 177) The Court will set a date for a preliminary pretrial

conference to ensure that all parties can be heard on a trial schedule. The Court understands that Rodriguez faces difficulty proceeding as a pro se plaintiff while incarcerated. Defendants have attempted without success to accommodate Rodriguez's status. The Court encourages the parties to set meet and confer conferences on dates certain so that the case can proceed effectively and avoid unfair prejudice to all parties.

The Court will deny as moot Rodriguez's motion to stay. (Doc. 175). The case has progressed, and the Court has granted Rodriguez's requests for extension of time. The Court granted Defendants' motion for stay of discovery on November 21, 2024. (Doc. 220.) The Court also granted Rodriguez's motion for extension of time to respond to Defendants' motion for summary judgment. (Doc. 222.) Rodriguez has until December 18, 2024, to respond. (*Id*.)

### I.    Motion for appointment of counsel.

Rodriguez has moved the Court for appointment of pro bono counsel. (Doc. 166.) No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). The Court will deny Rodriguez's motion for the appointment of pro bono counsel for the same reasons set out in a previous order (Doc. 45 at 5-7). The Court advises Rodriguez, however,

that the U. S. District Court for the District of Montana's website has a page that identifies cases in which defendants have been served the plaintiff has requested appointment of case counsel. The website can be found at https://www.mtd.uscourts.gov/representing-yourself-pro-se.

## II. Motion to compel answer.

Rodriguez moves for an order compelling Defendants to answer Rodriguez's amended complaint. (Doc. 172.) Defendants answered the amended complaint on September 24, 2024. (Doc. 188.) Typically, a complaint must be answered within 21 days after being served with a summon and complaint. F.R.C.P. Rule 4. (1) The time may be extended with or without motion or notice through the courts action before the time expires. F.R.C.P. Rule 6(b). Rodriguez filed numerous motions after he filed the amended complaint, including motions for extension of time. (i.e. Docs. 43, 49, 52, 60, 66, 79, 90, 97, 105.) Rodriguez also filed interlocutory appeals in the Ninth Circuit. (Docs. 109, 156.) These motions and interlocutory appeals effectively tolled the time required to answer Rodriguez's amended complaint. Rodriguez's motion is denied.

## III. Motion for sanctions on Lisa Mangan.

The Court will deny Rodriguez's motion for sanctions against Lisa Mangan ("Mangan"). (Doc. 176.) Rodriguez seeks to punish Mangan for failing to meet and confer with Rodriguez about stipulated facts. (Doc. 176.) Mangan asserts that she

conferred indirectly with Rodriguez through counsel for other Defendants who did communicate directly with Rodriguez. (Doc. 182.) Mangan joined other Defendants in filing a statement of stipulated facts. (Doc. 185.) Courts possess wide latitude to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Courts possess this power to issue sanctions when appropriate to maintain fairness and keep the case moving along.

Mangan did not act in bad faith or make false representations to the Court. Sanctions are not appropriate here. The Court recognizes the difficulty of representing oneself from prison and the breakdowns in communication that are inevitable between people who move freely in society and those who do not. The Court encourages the parties to do whatever possible to schedule ahead of time and set dates certain so that the case may move forward efficiently and to avoid undue prejudice.

**IV.    Motion for court appointed expert.**

Rodriguez filed a motion to appoint an ICWA expert and a damages expert. (Doc. 194.) Rodriguez cites Federal Rules of Evidence 706 to argue the Court should appoint an expert because of the complex "issues involving the [ICWA], [federal law], state law, and tribal laws and customs of the Chippewa Cree Tribe of Indians from the Rocky Boy Reservation." (Doc. 194 at 1.) Federal Rule of Evidence 706

allows courts to appoint expert witnesses to assist the court, not to assist a party, and such appointments are typically reserved for complex cases where the ordinary adversarial process does not suffice *Taylor v. Kuerston*, 598 F.Supp.3d 874, 876 (E.D. Cal. 2022). Courts do not invoke Rule 706 simply to appoint an expert on behalf of an indigent civil party to aid the litigant in proving their case. *Id.* A court appointed expert serves to "assist the trier of fact to understand the evidence or determine a fact in issue," not the party. *Bjork v. Dho/Dhi*, No. CV 18-00107-H-DLC-JTJ, 2020 U.S. Dist. LEXIS 270735, at *5 (D. Mont. Apr. 28, 2020). Rodriguez is not entitled to a court-appointed expert to help with his case or serve as an advocate on his behalf. The Court will deny Rodriguez's motion.

### V. Motion for leave to file an amended complaint.

Rodriguez filed a motion for leave to amend his complaint on October 1, 2024 and attached the proposed amended complaint as an exhibit. (Doc. 196.) Rodriguez filed the same document a week later on October 7, 2024. (Doc. 197.) Defendants argue that Rodriguez filed a second amended complaint and then amended it on October 7, 2024, so the amendment should be treated as a third amended complaint. (Doc. 202.)

The Court will treat the most recent submission as the controlling Second Amended Complaint. Each document is identical except for only minor formatting, typographical changes, and a lengthy factual background of Rodriguez's history.

6

The proposed Second Amended Complaint raises no new claims that would change the theory or scope of the case. Defendants correctly argue that Rodriguez cannot assert claims that previously have been dismissed by the Court. (Doc. 202 at 2-3.)

Those claims that Rodriguez seeks to allege in the proposed Second Amended Complaint that previously have been dismissed pursuant to this Court's order remain dismissed. (Doc. 95) Only Rodriguez's ICWA claims remain. Defendants also correctly assert that "a defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint to not change the theory or scope of the case." (Doc. 202 at 4) (citing *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (internal citations omitted).

The Court will grant Rodriguez's motion for leave to file a Seconded Amended Complaint. The Court will not require Defendants to file a new answer to the Second Amended Complaint. Defendants have filed a motion for summary judgment (Doc. 198) and the Court has granted an extension of time for Rodriguez to file a reply (Doc. 222.) The Court will address Defendants' motion for summary judgment (Doc. 198) in a separate order.

**ORDER**

Accordingly, **IT IS ORDERED**

1. Rodriguez's motion to appoint counsel (Doc. 166) is **DENIED**.

2. Rodriguez's motions to clarify (Docs. 167, 171) are **DENIED** as moot.

3. Rodriguez's motion to compel (Doc. 172) is **DENIED** as moot.

4. Rodriguez's motion to stay (Doc. 175) is **DENIED** as moot.

5. Rodriguez's motion for sanctions (Doc. 176) is **DENIED**.

6. Rodriguez's motion to vacate the preliminary pretrial conference (Doc. 177) is **DENIED** as moot. The Court has set a scheduling conference to allow Rodriguez and Defendants to an opportunity to jointly set remaining trial deadlines. **The scheduling conference is set for December 10, 2024, at 1:30 PM via telephonic conference.**

7. Rodriguez's motion to appoint an expert (Doc. 194) is **DENIED**.

8. Rodriguez's motion for leave to file a Second Amended Complaint (Doc. 196) is **GRANTED**.

DATED this 5th day of December, 2024.

_____
Brian Morris, Chief District Judge
United States District Court