# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

|  |  |
|---|---|
| JUAN RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF MONTANA, et al., <br><br> Defendants. | Case No. CV-17-104-H-BMM <br><br> **ORDER** |

## INTRODUCTION

Juan Rodriguez ("Rodriguez") was incarcerated in 2015. The Montana Eighth Judicial District Court, Cascade County, terminated Juan Rodriguez's parental rights on July 13, 2015. (Doc. 152-7 at 31-32.) The Montana Supreme Court affirmed the termination on September 20, 2016. (*Id*. at 33.) Rodriguez filed a petition for writ of certiorari with the U.S. Supreme Court on March 10, 2017, which was denied on May 15, 2017.

Rodriguez filed the current lawsuit seeking to invalidate the termination of his parental rights. Rodriguez's initial complaint and subsequent amended complaints included various claims, but only his claim under the Indian Child Welfare Act ("ICWA") survives. Rodriguez's children are now in their late teens. One child, J.R.

is 18 and B.R. will turn 18 in 2025. Rodriguez is currently incarcerated at Montana State Prison and is proceeding pro se.

## FACTUAL BACKGROUND

Rodriguez proceeds with his ICWA claims. The Court adopted U.S. Magistrate Judge Johnston's Findings and Recommendations (Doc. 89) dismissing all claims except those arising under ICWA. (Doc. 95.) Rodriguez filed an amended complaint (Doc. 42) after a remand by the Ninth Circuit ordering this Court to allow Rodriguez to amend. (Doc. 32.) Rodriguez filed a motion for leave to file a second amended complaint (Doc. 196) and filed an amended complaint. (Doc. 197.) The Montana Department of Public Health and Human Services ("DPHHS") moved for summary judgment. (Doc. 198.) Rodriguez opposes DPHHS's motion. (Doc. 226.) The Court recites below the factual history of Rodriguez's ICWA claims.

## LEGAL STANDARD

Where the nonmoving party is proceeding pro se, the Court has an obligation to construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). This liberal construction, however, does not alter the standard for summary judgment.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Pro se pleadings should be construed liberally, however, the plaintiff still bears the burden of presenting evidence sufficient to create a genuine issue of material fact as to each element of his claim. *Id.* A plaintiff proceeding pro se cannot defeat summary judgment by relying solely on the allegations in the complaint. "The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a cognizable claim, nor can the court assume the existence of a genuine issue of material fact when none exists." *Herbert v. D.S.S.*, No. CV 4:22-1746-JD-KDW, 2023 WL 9321162, at *4 (D.S.C. Dec. 20, 2023) (internal citations omitted).

## DISCUSSION

### I.  Rodriguez's Indian Child Welfare Act claims.

DPHHS moves for summary judgment that Rodriguez's claim that DPHHS violated ICWA should be dismissed. (Doc. 199 at 5-6.) The Court retains limited jurisdiction to review Montana Supreme Court decisions under 25 U.S.C. § 1914.

3

*See also Doe v. Mann*, 415 F.3d 1038, 1046-47 (9th Cir. 2005) (holding that ICWA creates federal question jurisdiction and authorizes courts to invalidate state court judgments in limited arenas).

The underlying case began in 2009, when DPHHS became involved with Rodriguez, his wife, S.R., and their children, J.R. and B.R. *See In re B.R.*, 381 P.3d 548, 549 (Mont. 2016). J.R. and B.R. qualify as "Indian children" under the Indian Child Welfare Act ("ICWA"). *Id*. The children are enrolled members of the Chippewa Cree Tribe ("Tribe"). The Tribe took jurisdiction over J.R. and B.R.'s parental termination case but reunification efforts were unsuccessful. (Doc. 152-5 at 157.)

The Montana Eighth Judicial District Court, Cascade County, terminated Rodriguez's parental rights on July 13, 2015. (Doc. 152-7 at 31-32.) The Montana Supreme Court affirmed the termination on September 20, 2016. (*Id*. at 33.) Rodriguez filed a petition for writ of certiorari with the U.S. Supreme Court on March 10, 2017, which was denied on May 15, 2017. Rodriguez filed the current lawsuit seeking to invalidate the termination of his parental rights. Rodriguez's children are now in their late teens. One child, J.R. is 18 and B.R. will turn 18 in 2025. Rodriguez is currently incarcerated at Montana State Prison and is proceeding pro se.

The Court determined that Rodriguez's ICWA claims tolled while Rodriguez appealed to the U.S. Supreme Court. (Doc. 95 at 10.) Rodriguez reasserted claims in his second amended complaint related to equal protection, civil rights violations, due process, and malpractice (Doc. 197) that are identical and were effectively dismissed (Doc. 95) in his first amended complaint. (Doc 42.) Those claims remain dismissed. The Court will address the claims Rodriguez asserts as violating ICWA.

### A. Claims against individual State Defendants.

Rodriguez argues that State Defendants listed in his complaint deprived him of his rights, privileges, and immunities under ICWA. (Doc. 197 at 24.) "The purpose of ICWA was to rectify state agency and court actions that resulted in the removal of Indian children from their Indian communities and heritage." *Doe v. Mann*, 415 F.3d 1038, 1047 (9th Cir. 2005) (citing 25 U.S.C. 1901 (5)). Courts are charged with ruling on petitions for removal or termination of parental rights and only the state agency, in this case DPHHS, can take any action to effectuate the return of custody of the children. 25 U.S.C. §§ 1912, 1914, 1916. The individual State Defendants lack control or authority over the return of custody and should be granted summary judgment on that basis.

### B. Res Judicata on Rodriguez's ICWA claims.

Rodriguez argues that he is not litigating the same issues under ICWA because he received ineffective assistance of counsel throughout the proceedings terminating

5

his parental rights. (Doc. 227 at 3.) The Court cannot address whether Rodriguez received ineffective assistance of counsel. Rodriguez had the opportunity to raise that issue before the Montana state district court in which Rodriguez was represented and during his appeal to the Montana Supreme Court.

Res judicata or claim preclusion "precludes a party that has proceeded on federal claims in state court from relitigating those claims in federal court." *Adam Bros. Farming v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010). It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. *Tahoe–Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir.2003).

Claim preclusion applies under federal law when the following criteria are satisfied: 1. an identity of claims; 2. a final judgment on the merits; and 3. identity or privity between the parties. *Joseph v. Linehaul Logistics, Inc.*, 291 F.R.D. 511, 513–14 (D. Mont. 2013) (internal citations omitted). Rodriguez asserts the same claims that he alleged in the Montana state court proceedings and on appeal to the Montana Supreme Court. The same parties are also present in the case as were in the state proceedings, namely DPHHS and Rodriguez. Rodriguez asserts that the Tribe possessed exclusive jurisdiction over his children and DPHHS illegally seized them from Rodriguez. (Doc. 227 at 4.) The Tribe and the parents had the opportunity to

petition transfer of the cases to tribal court but declined to do so in 2014. (Doc. 152-5 at 177.) The Tribe took jurisdiction in 2012, but when reunification was unsuccessful, Rodriguez's children remained in state custody. (*Id.* at 178.) The Tribe and Rodriguez had an opportunity to seek placement with the Tribe. ICWA § 1911 has not been violated and DPHHS motion for summary judgment should be granted on those grounds.

Rodriguez argues that he and the Tribe did not receive notification of termination of parental rights and of the children being in state custody pursuant to 25 U.S.C. § 1912. (Doc. 197 at 24; Doc. 227 at 5.) The petition to terminate Rodriguez's parental rights was personally served on him by a deputy sheriff on July 14, 2014. (Doc. 152-6 at 15.) Rodriguez received notice of the termination hearing 14 days before the hearing. (*Id.* at 13.) The Chippewa Cree Tribe received notification of the termination proceedings and did not intervene as adjudicator. (Doc. 152-5 at 157, 160-161). Rodriguez also argues that his counsel was ineffective, and thus he did not receive appointment of counsel as required by ICWA. Rodriguez was represented by Jane Berger, Patrick L. Paul, and Scott Albers throughout the parental right termination proceedings. (Doc. 154-4 at 201, 213; Doc. 152-6 at 1.) ICWA was not violated for lack of notice or on Rodriguez's not having received counsel throughout the termination proceedings. ICWA does not provide a remedy

for ineffective assistance of counsel. Summary judgment should be granted in favor or DPHHS.

Rodriguez attempts to argue that his ICWA claims have changed since he initially brought them in the Montana state court. The Court disagrees. It remains true that Rodriguez's rights were terminated after a finding that "the continued custody of the child by the parent [would] likely result in serious emotional or physical damage to the child." 25 U.S.C. § 1912 (f) (Doc. 152-7 at 17-18.) Rodriguez failed to complete his court ordered treatment plan. (Doc. 152-7 at 15.) Rodriguez's child J.R. is now 18, rendering moot application of ICWA to that child. *See* 25 U.S.C. § 1903(4). Rodriguez attempts to relitigate the same claims brought in the Montana state court and attempts to reassert claims dismissed before the Court. Rodriguez fails to show any material facts that would change the outcome of the case and reverse termination of his parental rights. Summary judgment is granted in favor of DPHHS and Rodriguez's ICWA claims are dismissed.

## ORDER

Accordingly, **IT IS ORDERED**

1. Rodriguez's claims remain dismissed pursuant to the Court's previous orders in Doc. 95.

2. DPHHS's motion for summary judgement (Doc. 198.) is **GRANTED** and Rodriguez's ICWA claims are dismissed.

3. Should Rodriguez seek to amend his complaint Rodriguez must seek leave from the Court to do so.

DATED this 23rd day of December, 2024.

_____
Brian Morris, Chief District Judge
United States District Court