IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JUAN RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | **CV-17-104-H-BMM**<br><br><br><br>**ORDER** |

## INTRODUCTION

Plaintiff Juan Rodriguez ("Rodriguez") filed this action against Defendants State of Montana ("Montana"), Montana Department of Public Health and Human Services, Theresa Diekhans, Theresa Adams, April Jones, Sahrita Jones, Heather Smith, Brandi Campbell, Becci Delinger, Alana Kietzman, and Trevor Lewis (collectively "DPHHS"). Rodriguez reasserts Indian Child Welfare Act ("ICWA") claims, and other claims the Court has previously dismissed, in his Third Amended Complaint. (*See* Doc. 231; Doc. 235-1.) Defendants filed a motion to dismiss Rodriguez's claims. (Doc. 237.) Rodriguez opposes the motion. (Doc. 248.)

1

## BACKGROUND

Rodriguez was incarcerated at the Montana State Prison in 2015. The Montana Eighth Judicial District Court, Cascade County, terminated Juan Rodriguez's parental rights on July 13, 2015. (Doc. 152-7 at 31–32.) The Montana Supreme Court affirmed the termination on September 20, 2016. (*Id*. at 33.) Rodriguez filed a petition for writ of certiorari with the U.S. Supreme Court on March 10, 2017, which was denied on May 15, 2017. Rodriguez subsequently filed amended complaints, which were each dismissed by the Court. (Doc. 42; Doc. 197; Doc. 231.) Most recently, the Court issued an Order granting DPHHS's motion for summary judgment regarding Rodriguez's Second Amended Complaint and dismissing Rodriguez's ICWA claims on December 23, 2024. (Doc. 231.) In that Order the Court also maintained the dismissal of Rodriguez's prior claims. (*Id.*)

The Court issued an Order allowing Rodriguez to amend his complaint on December 31, 2024. (Doc. 232.) Rodriguez filed a Motion to file a Third Amended Complaint, and submitted an Amended Third Complaint, on January 17, 2025. (Doc. 235; Doc. 235-1.) The Defendants filed a motion to dismiss Rodriguez's Third Amended Complainton January 31, 2025. (Doc. 237.)

## STANDARD OF REVIEW

Where the nonmoving party is proceeding pro se, the Court has an obligation to construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct.

2197, 2200, 167 L. Ed. 2d 1081 (2007). This liberal construction does not alter the standard for dismissal.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires claimants to include in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint under the plausibility pleading standard of Rule 8(a)(2). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal proves appropriate under Rule 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A court may dismiss a complaint "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint must contain sufficient factual matter to state a plausible claim for relief on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim proves plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard does not require probability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must "take[] as true and construe[] in the light

most favorable to plaintiffs" all factual allegations set forth in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted).

## DISCUSSION

Defendants argue that Rodriguez's claims should be dismissed on the grounds of res judicata, as Defendants claim that Rodriguez's Third Amended Complaint solely reasserts claims previously dismissed by this Court, such as due process and ICWA claims. (Doc. 238; Doc. 249.) Defendants argue that all of Rodriguez's claims were dismissed with prejudice by the Court except Rodriguez's ICWA claim, and Counts 30, 31, 33, and 37. (Doc. 249 at 2.) Defendants further argue the Court already entered a final judgment on these remaining claims, thereby precluding further action. (*Id.*) Defendants assert Rodriguez's Third Amendment Complaint advances its ICWA claim with the same parties, allegations, claims, and theories as those included before and ruled upon.

Rodriguez argues res judicata does not apply, as he believes 25 U.S.C.§ 1914 grants an exception for ICWA cases to res judicata. Rodriguez further argues his complaint contains new factual allegations concerning his ICWA claims.

Rodriguez's argument that ICWA claims are exempt from res judicata fails. The Court previously dismissed the ICWA claim Rodriguez raises. (Doc. 231.)

4

The Court agrees with the Defendants that res judicata applies in this case, as the following five conditions are met: "(1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; (4) the capacities of the persons are the same in reference to the subject matter and to the issues between them; and (5) a final judgment has been entered on the merits in the first action." *Adams v. Two Rivers Apartments, LLLP*, 444 P.3d 415, 419 (Mont. 2019).

The Court has already addressed the claims Rodriguez advances in his Third Amended Complaint in prior decisions and orders, including his ICWA claim. (*See* Doc. 95; Doc. 104; Doc. 155; Doc. 231.) Rodriguez's claims are barred under res judicata.

## CONCLUSION

Rodriguez fails to assert any new claims not previously addressed by the Court. The Court grants Defendants' motion to dismiss and dismisses Rodriguez's claims without prejudice.

## ORDER

Accordingly, **IT IS ORDERED:**

**1.)** Defendants' Motion to Dismiss (Doc. 237) is **GRANTED**.

**2.)** Rodriguez's claims against Defendants State of Montana, Montana Department of Public Health and Human Services, Theresa Diekhans,

Theresa Adams, April Jones, Sahrita Jones, Heather Smith, Brandi Campbell, Becci Delinger, Alana Kietzman, and Trevor Lewis are hereby **DISMISSED** without prejudice.

**3.)** The Clerk of Court is directed to close this case.

DATED this 12th day of June, 2025.

_____
Brian Morris, Chief District Judge
United States District Court